Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 190904-29851
DATE: May 28, 2021

ORDER

Readjudication of the claim for service connection for diabetes mellitus, type II, is warranted.

REMANDED

Entitlement to service connection for diabetes mellitus, type II, is remanded.

FINDING OF FACT

New evidence was received after the September 2016 denial that is relevant to the issue of entitlement to service connection for diabetes mellitus, type II.

CONCLUSION OF LAW

The criteria for readjudicating the claim for service connection for diabetes mellitus, type II, are met. 38 C.F.R. §§ 3.156(d), 3.2501.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1968 to October 1972.

A rating decision was issued under the legacy system in May 2017 and the Veteran submitted a timely notice of disagreement. In February 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the supplemental claim lane. 

During review, the agency of original jurisdiction (AOJ) identified a duty to assist error and directed additional development; thereafter, in July 2019, the AOJ readjudicated the issue and issued a RAMP rating decision, continuing the denial of the Veteran's claim. 

In the September 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

In April 2021, the Veteran's representative submitted a motion to advance on docket due to the Veteran's deteriorating health and hospice admission. See Motion to Advance on Docket (April 2021). The undersigned finds that the evidence warrants a grant of that motion; the appeal is hereby advanced on the Board's docket pursuant to 38 C.F.R. § 20.800(c). 38 U.S.C. § 7107(b).

Whether new and relevant evidence was presented to warrant readjudicating the claim for service connection for diabetes mellitus, type II.

The Veteran contends that he submitted evidence that is new and relevant to the claim of entitlement to service connection for diabetes mellitus, and warrants readjudication of the issue.

A claimant may continuously pursue a claim or issue by filing a supplemental claim following notice of a decision by the AOJ or the Board. 38 C.F.R. § 3.2500(c). If new and relevant evidence is presented or secured with respect to the supplemental claim, the AOJ will readjudicate the claim taking into consideration all the evidence of record. 38 C.F.R. § 3.2501. New evidence is evidence not previously part of the actual record before agency adjudicators. 38 C.F.R. § 3.2501(a)(1). 

Relevant evidence is information that tends to prove or disprove a matter at issue in a claim, including evidence that raises a theory of entitlement that was not previously addressed. 38 C.F.R. § 3.2501(a)(2). If new and relevant evidence is not presented or secured, the AOJ will issue a decision finding that there was insufficient evidence to readjudicate the claim. Id.

A September 2016 rating decision denied the claim for service connection for diabetes mellitus because the evidence of record did not reveal in-service exposure to herbicide agents. An October 2016 VA letter notified the Veteran of this decision and how to appeal. VA received no appeal or new and material evidence prior to expiration of the appeal period. Therefore, the September 2016 rating decision became final. 38 U.S.C. § 7105(c); 38 C.F.R. § 20.1103.

The Board finds that the record contains new evidence after the prior final disallowance of the Veteran's claim that is relevant to his claim. In this regard, the September 2016 rating decision denied the Veteran's claim because the evidence of record did not show that his diabetes mellitus had its onset in, or was otherwise related to, service, to include in-service exposure to herbicide agents. However, a June 2019 Defense Personnel Records Information Retrieval System (DPRIS) response reflects that a review of relevant histories is negative for the Veteran being exposed to herbicide agents while in service. Although the evidence disproves a fact, it is relevant in the sense that it is information disproving a matter at issue in a claim. See 38 C.F.R. § 3.2501(a)(2). This evidence tends to disprove a matter at issue in the claim and was received after the September 2016 prior denial.

Accordingly, as new and relevant evidence has been received, the application to readjudicate the previously denied claim is granted.

REASONS FOR REMAND

Entitlement to service connection for diabetes mellitus, type II, is remanded.

The Veteran, and his representative, contends that his diabetes mellitus stems from service in Thailand. In this regard, the representative argues that while in Thailand, the Veteran was exposed to herbicide agents. See Third Party Correspondence (September 2019).

The Board finds that remand is necessary to correct a duty to assist error that occurred prior to the July 2019 decision on appeal. 

Here, a June 2019 DPRIS response reflects that histories submitted by the 63rd Military Airlift Wing, the higher headquarters of the 63rd Supply Squadron (SS), stationed at Norton Air Force Base, California, are negative for exposure to Agent Orange or other tactical herbicides in Thailand. Further, the DPRIS response states that the histories do not mention, or document that the Veteran or personnel assigned to the 63rd SS were sent to U-Tapao Royal Thai Air Force Base (RTAFB), Thailand. The record, however, reveals that the Veteran was with the 635th SS, not the 63rd SS, while in Thailand, from July 1970 to July 1971. See Military Personnel Record (July 1970). Additionally, the record shows that while in Thailand, the Veteran was stationed at U-Tapao RTAFB. The DPRIS response, however, does not account or acknowledge the discrepancies.

Given that the DPRIS response is predicated on an inaccurate factual basis and this evidence was available to the AOJ prior to the July 2019 decision on appeal, the Board finds that remand is necessary to correct this duty to assist error.

In remanding this matter, the Board makes no finding, implicit or otherwise, as to the credibility of the Veteran's assertions. Neither the Veteran's credibility nor any lack thereof should be presumed in this remand.

The matter is REMANDED for the following action:

Attempt to verify the Veteran's asserted in-service exposure to herbicide agents. If more details are needed, contact the Veteran to request the information. If there is still insufficient information to verify exposure to herbicide agents, issue a Formal Finding outlining the steps taken to assist the Veteran and notify the Veteran of VA's inability to verify the in-service herbicide agent exposure.

In attempting to verify the Veteran's alleged in-service exposure to herbicide agents, the AOJ should consider that military personnel records reflect that the Veteran was with the 635th SS Unit, at U-Tapao RTAFB, from July 1970 to July 1971. 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Griffey, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.